IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL VALDIVIEZ,

    Plaintiff,

v.                                                       No. 2:24-cv-00773-DLM-JHR

ROCK SOLID XCAVATING, LLC,

    Defendant.

**ORDER TO AMEND COMPLAINT**

This matter is before the court *sua sponte*. Plaintiff filed this action in federal court on August 1, 2024, claiming diversity jurisdiction. [Doc. 1]. "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the Complaint and the applicable law, the Court finds that the Complaint fails to allege facts necessary to sustain diversity jurisdiction.

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The plaintiff, as the "party invoking diversity jurisdiction[,] bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "[T]he plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d

1

1491, 1495 (10th Cir. 1995) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)).

The Complaint states that Plaintiff "is a citizen of the State of New Mexico who currently resides in Lea County, New Mexico." [Doc. 1, p. 1]. For purposes of diversity jurisdiction, a natural person is a citizen of the State where the person is domiciled. *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "An individual's residence is not equivalent to his domicile[.]" *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Rather, domicile is established by an individual's physical presence in a place and the person's intent to remain there indefinitely. *Smith*, 445 F.3d at 1260. The Complaint should thus allege both elements of domiciliary status as to Plaintiff and all other relevant individuals to establish their citizenship.

The Complaint also states that Defendant Rock Solid Xcavating, LLC, is "a foreign limited liability company organized and existing under the laws of Colorado, whose principal place of business is located in Trinidad, Colorado[.]" [Doc. 1, p. 2]. To establish diversity jurisdiction, "[a]n LLC, as an unincorporated association, takes the citizenship of all its members." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (quoting *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234). Because Plaintiff has not alleged facts regarding the citizenship of Rock Solid's members, he has not adequately established that the Court has subject matter jurisdiction over this lawsuit.

Additionally, Federal Rule of Civil Procedure 7.1(a)(2) requires that

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: **(A)** when the action is filed in or removed to federal court, and **(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Plaintiff thus must file the required disclosure, as must Defendant Rock Solid upon appearing before the Court.

The Court will allow Plaintiff the opportunity to remedy these defects. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFORE ORDERED** that Plaintiff shall file an amended complaint to properly allege facts sufficient to establish diversity jurisdiction and a disclosure statement compliant with Rule 7.1(a)(2), if such allegations and the disclosure can be made in compliance with Federal Rule of Civil Procedure 11, no later than **August 19, 2024.**

**IT IS FURTHER ORDERED** that, if Plaintiff fails to comply with this order, the Court may dismiss this lawsuit for lack of jurisdiction.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge